UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOODWAY USA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AUREL A. ASTILEAN and SPEEDFIT LLC, ) <br> ) <br> Defendants. ) <br> ) | Case No. _____ <br><br> **REDACTED** |

# COMPLAINT

Woodway USA, Inc. ("Woodway"), by and for its Complaint against Defendants Aurel A. Astilean ("Astilean") and Speedfit LLC ("Speedfit") (collectively, "Defendants"), alleges to the Court as follows:

1. This an action for breach of contract, arising out of Defendants' failure to comply with the terms of a confidential Settlement Agreement that resolved two actions previously pending in this District, *Speedfit, LLC v. Woodway USA, Inc.*, Case Nos. 2:13-cv-01276-KAM-AKT (E.D.N.Y.) ("Speedfit-Woodway Litigation I") and 2:17-cv-00768-KAM-AKT (E.D.N.Y.) (collectively, "the Speedfit-Woodway Litigations"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.

2. More specifically, in an unrelated lawsuit between Defendants and LifeCore Fitness, Inc. d/b/a Assault Fitness ("Assault") (the "Speedfit-Assault Litigation"), Defendants have published certain falsehoods and misrepresentations ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

4874-9883-4973.1

███

3. Defendants' false and inaccurate claims detract from and damage Woodway's positive standing and reputation in the health and fitness community and undermine the value of Woodway's Patents, certain of which are being asserted against Assault in a separate and unrelated patent infringement lawsuit currently pending in the United States District Court for the Southern District of California. More specifically, on April 11, 2022, Woodway instituted a patent infringement lawsuit against Assault in the case styled *Woodway USA, Inc. v. LifeCORE Fitness, Inc. d/b/a Assault Fitness*, Case No. 3:22-cv-00492-JO-BLM ("Woodway-Assault Litigation"), alleging that Assault's importing, manufacturing, using, offering for sale, and selling of certain manual treadmills, including the AssaultRunner Elite, AssaultRunner Pro, Assault AirRunner, and AssaultRunner infringe U.S. Patent Nos. 9,039,580, 10,561,884, and 10,799,745.

4. Unless Defendants are immediately and permanently enjoined from breaching the Settlement Agreement, Woodway's reputation will continue to suffer and Woodway's claims of patent infringement against Assault and other third-party infringers of Woodway's Patents are impacted. For example, as a result of Defendants' breaches of the Settlement Agreement, in the Woodway-Assault Litigation, Assault may attempt to assert the existence of a non-infringing alternative to rebut Woodway's damages claims. In general, the assertion of non-infringing alternatives in a patent infringement matter reduces the amount of lost profits or reasonable royalties that the patent holder may be able to claim. On information and belief, these reductions in damages would exceed $75,000 in Woodway's case against Assault alone.

4874-9883-4973.1

5. This is also an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, unfair competition and false designation of origin under § 1125(a), and related claims of unfair competition and deceptive trade practices under the laws of the State of New York. At a minimum, Defendants – through publication of certain false statements and allegations in the Speedfit-Assault Lawsuit as well as false statements on the Speedfit website, speedfit.com – intentionally create the misimpression that Defendants developed and have an ownership interest in Woodway's line of CURVE treadmills.

## THE PARTIES

6. Woodway is a company organized and existing under the laws of the State of Wisconsin, with a principal place of business located at W229 N591 Foster Court, Waukesha, Wisconsin 53186. Woodway is a family-owned company that has been a market leader in manufacturing and selling fitness, health, and rehabilitation equipment for more than 30 years.

7. Woodway is informed and believes Defendant Astilean is an individual residing in Suffolk County at 79 Newton Lane, East Hampton, New York 11937. Upon information and belief, Astilean is a domiciliary and citizen of the State of New York.

8. Woodway is informed and believes that Defendant Speedfit is a Delaware limited liability company formed and existing pursuant to the laws of the State of Delaware with its principal place of business at 79 Newton Lane, East Hampton, New York 11937. Upon information and belief, Speedfit is a single member LLC with Astilean as the sole managing member.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over the breach of contract claims pursuant to 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between Woodway and Defendants, and (ii) more than $75,000, exclusive of interest and costs, is at stake.

4874-9883-4973.1

10. In addition, the Court has subject matter jurisdiction over the trademark-related claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over the overlapping claims arising under the common law of the State of New York pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

11. The Court has personal jurisdiction over Defendants because, upon information and belief, Astilean resides in this District and Speedfit's principal place of business is in this District.

12. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because, at a minimum, Defendants are subject to personal jurisdiction in this District. ███████████████████████████████████████████████████████████████████████████████████████████████████████████

## FACTUAL BACKGROUND

### The Speedfit-Woodway Litigations

13. Beginning in 2013 through 2020, Defendants and Woodway were involved in two actions in this District – the Speedfit-Woodway Litigations – relating to the development and commercialization of the Woodway line of CURVE treadmills. At the heart of the Speedfit-Woodway Litigations was Defendants' improper efforts to take credit for and attempts to capitalize on the success of Woodway's revolutionary line of CURVE treadmills, which are manual treadmills that are self-propelled and allow a runner or walker to control his/her/their speed without the use of any motor.

14. The CURVE treadmill was the first of its kind, and since its launch more than a decade ago, it has enjoyed significant commercial success. Since the original development and

introduction of the original CURVE treadmill, Woodway has introduced and continues to offer various models and sizes of the CURVE treadmill, including, for example, the CURVE Trainer and CURVE FTG, which complement Woodway's other lines of motorized and non-motorized treadmill and fitness products.  Woodway's line of CURVE treadmills are protected by various forms of intellectual property including numerous patents and trademarks.

15. In Speedfit-Woodway Litigation I, "[a]fter seven years, [Defendants'] four pleading amendments, extensive discovery, intensive motion practice, and the dismissal of all but one of [Defendants'] claims at summary judgment," Speedfit-Woodway Litigation I was positioned for a bench trial. (*See* Memo. & Order at 1, Dkt. No. 342, Speedfit-Woodway Litigation I (June 8, 2020 E.D.N.Y.).)  Just prior to trial, on October 16, 2020, Woodway and Defendants negotiated and entered into a confidential Settlement Agreement that resolved the Speedfit-Woodway Litigations.



5



6

4874-9883-4973.1



### Defendants' Lawsuit Against Assault – The Speedfit-Assault Litigation

24.  Defendants initiated the Speedfit-Assault Litigation on February 22, 2022, by filing a Verified Complaint ("Speedfit-Assault Complaint") in the Supreme Court of the State of New York, County of Westchester, Index No. 56761/2022, in the case styled *Speedfit LLC and Aurel A. Astilean v. LifeCore Fitness, Inc. and Assault Fitness*. Upon information and belief, a true and correct copy of the Speedfit-Assault Complaint is attached as Exhibit B.

25.  The Speedfit-Assault Complaint identified causes of action for "Unjust Enrichment" and "General Business Law § 329" based on allegations that the "Assault Treadmill was illegally reversed-engineered [*sic*] from the Speedboard which [Astilean and Speedfit] engineered, developed, and built from scratch." (Exhibit B at ¶ 24.) On April 12, 2022, Defendants

7

amended their claims to add a claim for "Permanent Injunction" in a First Amended Verified Complaint ("Speedfit-Assault Amended Complaint"). Upon information and belief, a true and correct copy of the Speedfit-Assault Amended Complaint is attached hereto as Exhibit C. The Speedfit-Assault Complaint and Speedfit-Assault Amended Complaint are collectively referred to as the "Speedfit-Assault State Court Action."

26. On April 15, 2022, Assault removed the Speedfit-Assault State Court Action to the United States District Court for the Southern District of New York, Case No. 7:22-cv-03140-NSR ("Speedfit-Assault Federal Court Action"). The Speedfit-Assault Federal Court Action is currently pending.

27. Paragraph 5 of the Speedfit-Assault Complaint and Speedfit-Assault Amended Complaint state, in relevant part:

> After years in the making, SpeedFit engineered, designed, and built a first-of-its-kind leg-powered concave treadmill known as the "Speedboard 2" or "Curve" (hereinafter the "Speedboard").

(Exhibit B at ¶ 5; Exhibit C at ¶ 5.)

28. Paragraph 30 of the Speedfit-Assault Complaint and Speedfit-Assault Amended Complaint state as follows:

> The Speedboard, which later became known as the "Curve," is a generational invention which has revolutionized the treadmill industry throughout the world.

(Exhibit B at ¶ 30; Exhibit C at ¶ 30.)

29. Paragraph 41 of the Speedfit-Assault Complaint and Speedfit-Assault Amended Complaint state as follows:

> The curved running surface allowed a user to simply move to the front or back of the curved running surface to control speed and adjust incline automatically. SpeedFit's design and construction was complete; the product was finished and ready for production.

> The new name of the product was the "Speedboard Curve" which later became just the "Curve."

(Exhibit B at ¶ 41; Exhibit C at ¶ 41.)

30. Paragraph 43 of the Speedfit-Assault Amended Complaint states as follows:

> Unbeknownst to Speedfit, in or about March 2009, employees of Woodway, Inc. ("Woodway"), the company which build Plaintiffs' metal production model of the Speedboard, surreptitiously filed patent application number 13235065 with the U.S. Patent and Trademark Office for the Speedboard (the "Woodway Patent").

(Exhibit C at ¶ 43.)



(*Id.* at ¶ 44.)

**False Statements on Speedfit's Website**

32. Speedfit has published on its website that "SpeedFit is the leader by being the original designer and first developer of the Curve Treadmill holding more than 10 Patents on the curve designed treadmills." *See* https://speedfit.com/ (last accessed April 28, 2022).

**Woodway's Lawsuit Against Assault**

33. On April 11, 2022, Woodway instituted a patent infringement lawsuit against Assault in the case styled *Woodway USA, Inc. v. LifeCORE Fitness, Inc. d/b/a Assault Fitness*, Case No. 3:22-cv-00492-JO-BLM, alleging infringement of U.S. Patent Nos. 9,039,580, 10,561,884, and 10,799,745.

34. Certain of the inventions claimed in the asserted U.S. Patent Nos. 9,039,580, 10,561,884, and 10,799,745 are practiced by Woodway's revolutionary line of CURVE treadmills.

4874-9883-4973.1

35. Each of U.S. Patent Nos. 9,039,580, 10,561,884, and 10,799,745 claim priority at least to U.S. Pat. App. No. 13/235,065 as well as to U.S. Pat. App. No. 61/161,027.

**Woodway's CURVE Trademark**

36. Woodway has used and continues to use various trademarks in commerce. With respect to the dispute at hand, beginning at least as early as January 2010, Woodway begin using and promoting the CURVE treadmill under the CURVE mark, which it has done continuously through to present day. The CURVE mark is not limited to any particular font, style, size, or color.

37. The application for federal registration of the CURVE mark on the Principal Register for use with "exercise treadmills" was filed with the United States Patent and Trademark Office on March 16, 2009. The CURVE mark was registered on May 4, 2010, as Reg. No. 3,785,961. A true and correct copy of the registration certificate for the CURVE mark is attached hereto as Exhibit D.

38. Woodway is the registered owner of the CURVE mark.

39. Woodway has valid and protectable rights in its CURVE mark.

**COUNT I – BREACH OF CONTRACT**

40. Woodway repeats and realleges every allegation contained in Paragraphs 1-39 as if set forth fully herein.



10

43. Woodway has performed all of its obligations under the Settlement Agreement.



47. Notwithstanding their obligations under the Settlement Agreement, ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendants published certain statements and allegations in the Speedfit-Assault Litigation and on the Speedfit website that violate the terms of the Settlement Agreement.

48. For example, Defendants' statements in ¶¶ 43 and 44 of the Speedfit-Assault Amended Complaint are false and mischaracterize Woodway's patent rights, ▇▇▇▇▇▇▇▇▇

11



▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ the Speedfit-Assault Complaint and Amended Complaint create the misimpression that Defendants developed Woodway's line of CURVE treadmills in violation of ▆▆▆ of the Settlement Agreement.  Indeed, Defendants, via the Speedfit website, go so far as to claim that "SpeedFit is the leader by being the original designer and first developer of the Curve Treadmill holding more than 10 Patents on the curve designed treadmills," which falsely states that Defendants developed Woodway's line of CURVE treadmills and calls into question the validity of the Woodway Patents, especially when read in the context of Defendants' other statements in the Speedfit-Assault Litigation.  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

50. On or around April 19, 2022, Woodway became aware of Defendants' breaches of the Settlement Agreement.  Shortly thereafter, on April 22, 2022, Woodway gave notice to Defendants of their breach ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

51. Despite Woodway's requests to remedy their breaches of the Settlement Agreement, upon information and belief, Defendants have neither taken any steps to cease and desist from their breaches of the Settlement Agreement nor withdrawn or sought redaction for the confidential information and offending falsehoods, mischaracterizations, and disparagements in the Speedfit-Assault State and Federal Court Actions and on Speedfit's website.

52. As a result of Defendants' breaches of the Settlement Agreement, Woodway has suffered monetary damages, in an amount to be determined at trial, including, but not limited to the calculation of harm resulting from the detraction and damage to Woodway's positive standing and reputation in the health and fitness community as well as any adverse impact on Woodway's ability to assert its patents and protect its valuable intellectual property, including at least in Woodway's co-pending litigation against Assault, as a result of Defendants' false narrative.



54. In addition to seeking monetary damages against Defendants ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ Woodway seeks a preliminary and permanent injunction against Defendants, requiring Defendants to perform as required under the Settlement Agreement.

### COUNT II – INFRINGEMENT OF A REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114

55. Woodway repeats and realleges every allegation contained in Paragraphs 1-54 as if set forth fully herein.

4874-9883-4973.1

56. Without Woodway's consent or authorization, and beginning after Woodway acquired protectable, exclusive rights in its CURVE mark, Defendants are using the CURVE mark in connection with the development and promotion of the Speedboard at least in connection with Speedfit's website that advertises the Speedboard.

57. Defendants' unauthorized use in commerce of the CURVE mark is likely to cause confusion as to the sponsorship, affiliation, connection, and/or association between Woodway and Defendants and is likely to cause consumers to believe, contrary to fact, that Defendants' Speedboard is sold, authorized, endorsed, or sponsored by Woodway, or that Defendants are in some way affiliated with or sponsored by Woodway or in some way connected to Woodway's line of CURVE treadmills. Defendants' conduct constitutes infringement of Woodway's CURVE mark, Reg. No. 3,785,961, in violation of 15 U.S.C. § 1114.

58. Upon information and belief, Defendants acts were and are willful and were and are being undertaken in bad faith with the deliberate intent to trade on the goodwill of Woodway and the CURVE mark and to cause confusion and deception in the marketplace.

59. As a direct and proximate result of Defendants' unlawful acts, Woodway has been damaged, and Defendants have been unjustly enriched, in an amount to be determined at trial.

60. Unless preliminarily and permanently enjoined by the Court, Defendants' unlawful acts will continue to cause irreparable damage, loss, and injury to Woodway, for which it has no adequate remedy at law.

61. Pursuant to 15 U.S.C. § 1116-1117, Woodway is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Defendants' profits, to the costs of this action, and to its attorneys' fees.

4874-9883-4973.1

## COUNT III – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

62. Woodway repeats and realleges every allegation contained in Paragraphs 1-61 as if set forth fully herein.

63. In addition to the federally registered CURVE mark, Woodway also owns valuable common law trademark rights in the CURVE mark for use with exercise treadmills. By virtue of Woodway's use of the CURVE mark in connection with the promotion and sale of its line of CURVE treadmills, the CURVE mark has gained widespread consumer recognition and has developed valuable associated goodwill.

64. Without the consent or authorization of Woodway, Defendants are using the CURVE mark in connection with the development and promotion of the Speedboard at least in connection with Speedfit's website that advertises the Speedboard.

65. Defendants' unauthorized use in commerce of the CURVE mark is likely to cause confusion as to (1) the affiliation, connection, and/or association between Defendants and Woodway; (2) the sponsorship, endorsement, and/or approval of Defendants' Speedboard by Woodway; and (3) the origin of Defendants' Speedboard. Defendants' conduct therefore violates 15 U.S.C. § 1125(a).

66. Upon information and belief, Defendants' infringement of Woodway's common law CURVE mark as well as Defendants' unfair competition and false designation of origin have been and are done deliberately, willfully, and in bad faith.

67. As a direct and proximate result of Defendants' unlawful acts, Woodway has been damaged and Defendants have been unjustly enriched, in an amount to be determined at trial.

68. Unless preliminarily and permanently enjoined by the Court, Defendants' unlawful acts will continue to cause irreparable damage, loss, and injury to Woodway for which it has no adequate remedy at law.

69. Pursuant to 15 U.S.C. § 1116-1117, Woodway is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Defendants' profits, to the costs of this action, and to its attorneys' fees.

**COUNT IV – UNFAIR COMPETITION UNDER NEW YORK LAW**

70. Woodway repeats and realleges every allegation contained in Paragraphs 1-69 as if set forth fully herein.

71. Defendants' allegations in the Speedfit-Assault Litigation that "SpeedFit engineered, designed, and built a first-of-its-kind leg-powered concave treadmill known as the 'Speedboard 2' or 'Curve' (hereinafter the 'Speedboard')," (*e.g.*, Exhibit B at ¶ 5), that "[t]he Speedboard, which later became known as the 'Curve,' is a generational invention which has revolutionized the treadmill industry throughout the world," (*id.* at ¶ 30), that "SpeedFit's design and construction was complete; the product was finished and ready for production. The new name of the product was the 'Speedboard Curve' which later became just the 'Curve,'" (*id.* at ¶ 41), and that "[u]nbeknownst to Speedfit, in or about March 2009, employees of Woodway, Inc. ('Woodway'), the company which build Plaintiffs' metal production model of the Speedboard, surreptitiously filed patent application number 13235065 with the U.S. Patent and Trademark Office for the Speedboard (the 'Woodway Patent')," (*id.* at ¶ 43), are materially deceptive and misleading to a reasonable consumer insofar as Defendants attempt to (a) equate the Speedboard as synonymous with Woodway's line of CURVE treadmills, (b) take credit for Woodway's development and success of its line of CURVE treadmills, and (c) suggest that Woodway acted improperly in seeking protection for its inventions. Similarly, Defendants' advertising and

16

promotion of the Speedboard via the Speedfit website that unfairly leverages the CURVE mark is deceptive and misleading to a reasonable consumer.

72. Defendants' public allegations in the Speedfit-Assault Litigation and their website statements are consumer-oriented statements that, upon information and belief, unfairly impact consumer purchasing decisions.

73. As a result of each of these deceptions, which constitute a violation of New York General Business Law § 349, Woodway's positive standing and reputation in the health and fitness community has been harmed and the value of Woodway's patent portfolio is unfairly questioned, entitling Woodway to its damages, including lost profits, in an amount to be determined at trial.

74. Defendants' deceptive statements have been and continue to be willful and deliberate.

75. Unless preliminarily and permanently enjoined by the Court, Defendants' unlawful conduct will continue to cause irreparable damage, loss, and injury to Woodway for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Woodway respectfully requests that the Court enter an Order and Judgment against Defendants as follows:

A. that Defendants breached the Settlement Agreement;



4874-9883-4973.1



E.    that Defendants pay to Woodway its monetary damages as a result of Defendants' breaches of the Settlement Agreement;

G.    that Defendants have infringed Woodway's trademark rights in violation of the Lanham Act, 15 U.S.C. § 1114;

H.    that Defendants have infringed Woodway's common law trademark rights and engaged in unfair competition and false designation of origin in violation of Lanham Act, 15 U.S.C. § 1125(a);

I.    that Defendants' misconduct was willful;

J.    that Defendants and their respective agents, servants, officers, directors, employees and all persons in privity or active concert or participation with them, directly or

4874-9883-4973.1

      indirectly, are preliminarily and permanently enjoined from violating Woodway's trademark rights in the CURVE mark;

K.    that Woodway is awarded, under 15 U.S.C. § 1117, and Defendants pay to Woodway, all profits received by Defendants from the sales and revenues of any kind made as a result of Defendants' infringement of Woodway's trademark rights in the CURVE mark, including, but not limited to, damages awarded pursuant to 15 U.S.C. § 1117 trebled;

L.    that this case is exceptional and awarding Woodway its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendants;

M.    that Defendants have engaged in unfair competition in violation of New York law;

N.    that Defendants pay to Woodway damages as a result of Defendants' deceptive statements, including any lost profits;

O.    that damages be trebled for the willful and knowing nature of Defendants' deceptive statements, pursuant to New York General Business Law § 349(h);

P.    that Woodway be awarded reasonable attorneys' fees as a result of the willful and knowing nature of Defendants' deceptive statements, pursuant to New York General Business Law § 349(h);

Q.    that Woodway be awarded pre-judgment interest, post-judgment interest, and costs in this action; and

R.    all other such relief as the Court deems just and proper.

## JURY DEMAND

Woodway desires a trial by jury on all issues so triable and respectfully requests the same.

Dated: April 29, 2022                                          Respectfully submitted,


                                                      */s/ Nicole M. Marschean*
Nicole M. Marschean
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314
Telephone: 212.682.7474
Facsimile: 212.687.2329

*Of Counsel*

Kadie M. Jelenchick, *pro hac vice* to be filed
Matthew W. Peters, *pro hac vice* to be filed
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414.271.2400
Facsimile: 414.297.2400

*Attorneys for Woodway USA, Inc.*