```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

WOODWAY USA, INC.,

                Plaintiff,                    MEMORANDUM & ORDER
                                              No. 22-CV-2455(EK)(JAM)
        -against-

SPEEDFIT LLC and AUREL A. ASTILEAN,

                Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Reyes's Report and Recommendation (R&R) dated February 2, 2023. ECF No. 34. Judge Reyes recommended that plaintiff Woodway USA, Inc.'s Motion for Default Judgment be denied. He also recommended that Woodway be ordered to show cause in writing why the notations of default should not be vacated and why this case should not be consolidated with *Speedfit LLC v. Woodway USA, Inc.*, No. 22-CV-7993. Woodway timely objected to the R&R. *See* Woodway Obj., ECF No. 36. No other party filed objections or responses to objections.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court reviews *de novo* those portions of an R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see*

*also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).[1]  Those portions of the R&R that are unobjected-to are reviewed for clear error.  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

In its objection, Woodway consented to consolidation of this matter with *Speedfit LLC v. Woodway USA, Inc.*, No. 22-CV-7993.  Woodway Obj. 8. However, Woodway objects that the R&R incorrectly analyzed Woodway's motion for a default judgment under the three factor test of *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993).  Under that test, the factors for determining whether default judgement is appropriate are: (1) whether the default was willful; (2) prejudice to the non-defaulting party; and (3) whether a meritorious defense is presented.  *Id.* at 96.  The R&R recommends that I find that the first factor favors granting default judgment, but the other two factors do not.  *See* R&R 16.  Woodway objects that all three *Enron* factors support its motion for default judgment.  *See* Woodway Obj. 2.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Having conducted a *de novo* review of the R&R, I adopt the R&R in its entirety.  Accordingly, the motion for default judgment is denied.  Within fourteen days of this order, Woodway shall show cause why the notations of default should not be vacated.  Also by that date, defendant Aurel Astilean shall indicate any objection to the consolidation of this action with *Speedfit LLC v. Woodway USA, Inc.*, No. 22-CV-7993.

SO ORDERED.

                                           /s/ Eric Komitee  
                                           ERIC KOMITEE  
                                           United States District Judge

Dated:    March 19, 2024  
          Brooklyn, New York